Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO.3:10CR-33-M
UNITED STATES OF AMERICA,                                                PLAINTIFF,

vs.

JOHNNY LOGAN SPENCER,                                                    DEFENDANT.


**DEFENDANT'S SENTENCING MEMORANDUM**

**May it Please the Court:**

Defendant, by counsel, files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**18 U.S.C. § 3553(a) Considerations**

In our post Booker era, the primary directive in §3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." §3553(a)(2) states that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner.

What this Court must determine is what is a sufficient but not greater than necessary sentence based upon all of the factors in 18 U.S.C. §3553(a).

**Application of the Statutory Sentencing Factors to the Facts of this Case**

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1.  The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

Mr. Spencer wrote an (one )offensive poem in November of 2008. At that time Intelligence knew of the poem, but Mr. Spencer was never identified, located nor interviewed. Although the poem does seem to reference death to a "Negro," the President is never mentioned. In February of 2010, officials from the FBI set out to find and speak to Mr. Spencer. Upon agreeing to speak to officials, Mr. Spencer <u>immediately</u> accepted responsibility for writing the poem over two years ago. He told agents that he was emotionally distraught over the death of his mother and never intended "before, during or currently" any harm on the President. In addition, he immediately apologized for his actions. Mr. Spencer also said he would remove the poem immediately. Lastly, Mr. Spencer indicated that he no longer affiliated with any white supremacist groups or activities. Mr. Spencer's residence was searched and "nothing of protective interest was found." Mr. Spencer's family home was also searched and again "nothing of protective interest was found."

**(b) History and Characteristics of Mr. Spencer**

Mr. Spencer is a relatively young man who suffered great emotional distress upon the illness and subsequent death of his mother. He has explained to authorities that this was the cause of his authorship of the poem at all. The Defendant has a relatively small prior criminal history consisting

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

of one non-violent felony and one misdemeanor. He was also on parole at the time of the instant offense.

Lastly and probably most importantly, Mr. Spencer does not harbor ill will towards African-Americans. He has several members of his family who are bi-racial and with whom he shares a very close relationship. He attributes these words as no more than a desire to purge his feelings of despair on paper in an attempt to heal the passing of his relative.

**2.     The Need for the Sentence Imposed To Promote Certain Statutory Objectives**:

    (A)    to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

    (B)    to afford adequate deterrence to criminal conduct

    (C)    to protect the public from further crimes of the defendant

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

"[N]o greater than necessary" has become a mantra of sorts as attorneys, nationally, plea for leniency on behalf of clients who would otherwise be facing far higher sentences. Yet, this plea embodies the strongly held belief that the Guidelines, as they steadily become harsher and harsher, seem to no longer lineup with the important purposes set forth in §3553(a)(2). There are a number of times when studies, by the United States Sentencing Commission, have all but said that the Guidelines, and their calculations, are not per se "reasonable." Specifically, as it relates to this case, the Federal Sentencing Guidelines as applied by the United States Probation Office has Mr. Spencer at a level 14 with a criminal category IV. The Defense has objected to these calculations on several grounds.

1). The Defense objects to a +6 level enhancement owing to the fact that the victim of this offense was a government officer/employee and the offense was motivated by that status. Mr. Spencer was

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

specifically charged with threatening the life of the President. To charge Mr. Spencer under 18 U.S.C. §871 and then again upgrade his offense level owing to the fact that the victim is the President, is double dipping and objectionable.

2). The Defense also objects to a +3 level enhancement owing to the fact that the crime was racially motivated. As explained above, Mr. Spencer bears no ill will towards members of the African-American community and indeed has relatives that are bi-racial, but contends instead that this crime was motivated by the extreme emotional distress over his mother's passing.

3). The Defense also objected to the criminal history score in that it is over representative of Mr. Spencer's criminal past. As noted in defense objections to the probation office, one point was added for having committed this offense within a short period of time from being released from custody. As noted, the Federal Sentencing Guidelines have now abolished this point in the new addition. The Defense objects to this point. The Defense also feels that a criminal history category of IV significantly over-represents the past of a man with one non-violent felony and one misdemeanor.

Clearly, while the Court needs to give substantial weight to the Guidelines, this does not require the Court to look for some "extraordinary" factor to move past the Guidelines. Nor should the Court assume the Guideline range is per se "reasonable."

Under the recently introduced advisory guideline system courts must exercise their discretion in new ways to advance the statutory goals.

**3.    The Kinds of Sentences Available**

In *Booker*, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756. This renders the sentencing guidelines advisory. *Id*. There

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

is no mandatory minimum in this case; however Mr. Spencer has already been incarcerated in solitary confinement since February 17, 2010. A sentence of time served is certainly sufficient in this case.

**4.     The Need To Avoid Unwarranted Disparities**

One of the important objectives in Federal Sentencing is the need to avoid unwarranted disparities. Counsel for the defense has found an incident much more horrific and hateful which was not even prosecuted by the United States. In Allentown, PA, the head of Good-time Amusements apologized for a target shooting game depicting the image of a black man that appeared to be President Barack Obama. The game "depicted a black man dressed in a suit holding a rolled-up piece of paper labeled, "Health Bill." "The target also wore a belt buckle fashioned after the Presidential seal. Players shot darts at targets on his head and heart in order to win a prize."  This situation much more clearly not only threatens the life of the President, but clearly incites others to also attempt to kill the President. (See Exhibit 1- attached). Not only did the inventor of this game not get prison time, but he was not even prosecuted.

**Conclusion**

"Fashioning a just sentence cannot be reduced to a mere arithmetical exercise and reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of judgment." *U.S. v. Biheiri*, 356 F.Supp. 2d 589 (E.D.Va. 2005). As another Judge stated: " [C]an we really say we have a rational system of justice when the court, in imposing sentence, is stripped of the power to even consider the socioeconomic and educational background of the defendant?" *U.S. v. Genao*, 831 F.Supp. 246, 254 (S.D.N.Y.1993).

For the foregoing reasons, Mr. Spencer  respectfully submits that a sentence of time served is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

U.S.C. §3553(a).

/s/ Laura R. Wyrosdick
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on October 21, 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:Ms. Jefferson-Webb, Assistant United States Attorney.

_____/s/ Laura R. Wyrosdick

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6